[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 123)
The plaintiff in the present case, Mundaca Investment Corporation, ("Mundaca"), filed a complaint on December 19, 1994, seeking as relief, foreclosure upon a mortgage on property owned by the defendants, Timothy and Judith Atwood. The plaintiff alleges in its complaint that the mortgage secures a note executed by the defendants and payable to Citytrust. The plaintiff further alleges that the Federal Deposit Insurance Corporation, as receiver of Citytrust, assigned the mortgage to Mundaca.
The defendants filed an answer and special defense to the plaintiff's claim on August 28, 1995. The defendants allege in their special defense that the above referenced note is unenforceable because the note "and related documents" fail to comply with provisions of General Statutes § 36a-675 et seq., the Truth in Lending Act, and 15 U.S.C. § 1601, et seq., the Consumer Credit Protection Act.
On September 21, 1995, the plaintiff filed a motion to strike the defendants' special defense, together with a memorandum of law in support thereof. The defendants filed a memorandum of law in opposition to the plaintiff's motion on October 10, 1995. This matter came before the court on October 30, 1995 on the short calendar.
Pursuant to Practice Book § 152, a motion to strike may challenge "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein." In its memorandum of law, the plaintiff contends that the defendants' special defense is legally insufficient because it is not among the limited defenses available in a foreclosure action. The defendants argue in opposition that their defense is legally sufficient because it goes to the validity of the underlying debt. CT Page 1323-HHH
"The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (citations omitted, internal quotation marks omitted.) Dime Savings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582, (February 7, 1995, D'Andrea, J.); see also Provident FinancialServices v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.); Coolidge Connecticut Limited v. 1200 MainStreet Assn., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265384 (February 17, 1995, Hauser, J.). Equitable defenses to foreclosure actions "have generally only been considered proper when they attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Dime Savings Bank v. Albir, supra. A mortgage holder's failure to comply with state and/or federal truth-in-lending requirements has been held not to constitute a legally sufficient special defense in mortgage foreclosure actions. SeeBeneficial Mortgage Co. v. Brassington, Superior Court, judicial district of Danbury, Docket No. 318933 (June 19, 1995, Stodolink, J.); People's Bank v. Perkins, Superior Court, judicial district of Fairfield at Bridgeport (November 3, 1994, Ballen, J.); Bank ofNew Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1994, Curran, J.).
Accordingly, the plaintiff's motion to strike the defendants' special defense is granted.
JOHN W. MORAN, JUDGE